IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:05-cr-00034-MP-AK

TAMIR MORGAN BUTLER,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 59, Petitioner's Motion and Memorandum in Support Thereof for Order to Show Cause Due to Respondent's Failure to Perform Specific Performance.  The Government responded at Doc. 60.  In short, the Defendant demands that the United States file a Rule 35 motion as a result of additional information he provided after his sentencing.  Butler entered a plea of guilty on November 8, 2005, in Case No: 1:05-cr-00034-MP/AK and a plea of guilty on November 17, 2005, in Case No: 1:05-cr-00031-SPM/AK.  The United States filed a motion under Guidelines Section 5K1.1 prior to the defendant's sentencing in 1:05-cr-00034-MP/AK, and both pleas were pursuant to plea and cooperation agreements.  See Doc. 44 in 1:05-cr-00034 and Doc. 101 in 1:05-cr-00031.  Butler was sentenced on January 26, 2006, to fifty months in Case No: 1:05-cr-00034.  On February 9, 2006, Butler was sentenced to thirty-nine months in case No: 1:05-cr-00031.  This sentence was to run concurrent to the previously imposed sentence.  Butler now moves the Court to enter an order compelling the government to file a Rule 35 motion to allow the Court to further reduce his sentence.

    "Federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an

unconstitutional motive," like "race or religion." A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or even to an evidentiary hearing. Wade v United States, 504 U.S. 181, 186 (1992). The defendant must make a "substantial showing" that the government's refusal to file a substantial assistance motion was based upon an unconstitutional motive. This showing must be a showing of prosecutorial vindictiveness for the defendant's exercise of his rights. United States v Barner, 441 F.3d 1310 (11th Cir. 2006) and United States v Paramo, 998 F.2d 1212 (3d Cir. 1993). To prove actual vindictiveness, the defendant must present objective evidence that the government acted solely to punish him for exercising his legal rights. Id.; Paramo, 998 F.2d at 1221.

In the instant case, the Defendant first makes only generalized allegations that he provided substantial assistance and that the government breached its promises to him. This does not allege an unconstitutional motive. Then, Defendant argues that the government treats those cooperating defendants who testify better than those who do not, and that the government honors written plea agreements more than verbal ones, and Defendant concludes that this violates equal protection. These, again, are not allegations that the government acted with an unconstitutional motive, "such as race or religion" or with actual vindictiveness. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motion at doc. 59 is denied.

**DONE AND ORDERED** this  *25th*   day of March, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge